Brandy A. Sargent, OSB #045713
Email: brandy.sargent@klgates.com
K&L GATES LLP
One SW Columbia Street, Suite 1900
Portland, OR 97204
Phone: (503) 228-3200/Fax: (503) 248-9085


Attorneys for HSBC Bank USA, N.A., as Trustee for
Wells Fargo Asset Securities Corporation, Mortgage
Pass-Through Certificates, Series 2007-15

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF OREGON

| | |
|---|---|
| In re | Case No. 10-33531-dwh7 |
| ELIANA RODRIGUES, | |
| Debtor, | Adv. Proc. No. _____ |
| AMY MITCHELL, Chapter 7 Trustee for the Estate of Eliana Rodrigues, | NOTICE OF REMOVAL BY DEFENDANT HSBC BANK USA, N.A., AS TRUSTEE FOR WELLS FARGO ASSET SECURITIES CORPORATION, MORTGAGE PASS-THROUGH CERTIFICATE SERIES 2007-15 |
| Plaintiff, | |
| v. | |
| SAYAN PROMWONGSA, PEN PROMWONGSA, DUNG XUAN NGO, DIANNA NGOC DIEP NGO, HSBC BANK USA, N.A., AS TRUSTEE FOR WELLS FARGO ASSET SECURITIES CORPORATION, MORTGAGE PASS-THROUGH CERTIFICATE SERIES 2007-15, BANK OF ENGLAND, and NORTHWEST TRUSTEE SERVICES, INC. | |
| Defendants. | |

Pursuant to 28 U.S.C. §§ 1334 and 1452, defendant HSBC Bank USA, N.A., as Trustee

for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2007-

PAGE 1 – NOTICE OF REMOVAL

15 ("HSBC Bank, as Trustee") removes to the United States Bankruptcy Court for the District of Oregon the action known as *Amy Mitchell, Chapter 7 Trustee for the Estate of Eliana Rodrigues v. Sayan Promwongsa, et al.*, Case No. 19CV29984 (Multnomah County Circuit Court) ("State Court Action"). The United States Bankruptcy Court has jurisdiction over the State Court Action under 28 U.S.C. § 1334(b) because it is related to the bankruptcy case *In re Eliana Rodrigues*, Case No. 10-33531-dwh7.

1.      On April 23, 2010, debtor Eliana Rodrigues filed a voluntary petition under Chapter 7 of Title 11 of the United States Code in this Court in Case No. 10-33531-dwh7 (the "Bankruptcy Case"). On July 1, 2019, the United States Trustee moved this Court for an order reopening Ms. Rodrigues' Bankruptcy Case "so that the prior chapter 7 trustee may be re-appointed to administer a newly discovered asset." This Court entered an order reopening the Bankruptcy Case for further administration on July 1, 2019.

2.      On July 10, 2019, Plaintiff Amy Mitchell ("Plaintiff") filed the State Court Action in Multnomah County Circuit Court. Plaintiff contends that she served the president of HSBC Bank USA, N.A. (in New York City, New York) and HSBC Bank USA, N.A. (in Tysons, Virginia) by mailing on July 26, 2019, by certified mail, return receipt requested, and by first class mail, copies of the summons and complaint filed in the State Court Action. A copy of the summons and complaint is attached as Exhibit A. A copy of all other available filings in the State Court Action, along with a copy of the docket in the State Court Action, is attached as Exhibit B.

3.      Under ORCP 7D(2)(d), service by mail shall be made by mailing true copies of the summons and the complaint to the defendant by first class mail and by any of the following: certified, registered, or express mail with return receipt requested. The summons and complaint

PAGE 2 – NOTICE OF REMOVAL

K&L GATES LLP
ONE SW COLUMBIA STREET
SUITE 1900
PORTLAND, OR 97204
TELEPHONE: (503) 228-3200

are deemed served under ORCP 7D(2)(d)(ii) "on the day the defendant, or other person authorized by appointment or law, signs a receipt for the mailing, or three days after the mailing if mailed to an address within the state, or seven days after the mailing if mailed to an address outside the state, whichever first occurs." Plaintiff has not filed a receipt for any mailing and service was deemed effective on August 2, 2019. This Notice of Removal is filed within thirty days of the receipt by HSBC Bank, as Trustee of the summons and complaint and is timely under Fed. R. Bankr. P. 9027(a)(3).

4.      This Court has original jurisdiction over "all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). An action is "related to" a bankruptcy proceeding if "the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy. . . . An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *In re Fietz*, 852 F.2d 455, 457 (9th Cir. 1988).

5.      The State Court Action relates to the administration by Plaintiff, the Chapter 7 bankruptcy trustee of the estate of Ms. Rodrigues, of an asset purportedly belonging to that estate. Specifically, Plaintiff brought the State Court Action to quiet title in property purportedly belonging to the estate, for purported damages for trespass on the property, and for a purportedly invalid encumbrance on the property under ORS 205.470. Because the State Court Action is related to the reopened bankruptcy case, the Court has jurisdiction over the State Court Action pursuant to 28 U.S.C. § 1334(b).

6.      Pursuant to 28 U.S.C. § 1452(a), removal to the United States Bankruptcy Court for the District of Oregon is proper because § 1452(a) provides that a "party may remove any

PAGE 3 – NOTICE OF REMOVAL

claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." Pursuant to Local Rule 2100-1(a), the United States District Court for the District of Oregon has referred all proceedings related to cases under the United States Bankruptcy Code to the judges of the United States Bankruptcy Court for the District of Oregon. Additionally, pursuant to Local Rule 2100-1(b), this Notice of Removal is being filed with the Clerk for the United States Bankruptcy Court for the District of Oregon.

7.  Venue is proper in this Court because the State Court Action is pending in the Multnomah County Circuit Court, which is within this District and Division.

8.  The State Court Action is not a core proceeding. *See* 28 U.S.C. § 157(a)(2). HSBC Bank, as Trustee respectfully does not consent to entry of final orders and judgment by the Bankruptcy Court under Fed. R. Bankr. P. 9027(a)(1).

9.  HSBC Bank, as Trustee will promptly file a copy of this Notice of Removal with the Clerk of the Multnomah County Circuit Court as required by Fed. R. Bankr. P. 9027(c). HSBC Bank, as Trustee will also serve a copy of this Notice of Removal on all parties to the State Court Action as required by Fed. R. Bankr. P. 9027(b).

10. HSBC Bank, as Trustee does not waive any defense, jurisdictional or otherwise, by the filing of this Notice of Removal.

11. This Notice of Removal is filed pursuant to Fed. R. Civ. P. 11 and Fed. R. Bankr. P. 9011.

PAGE 4 – NOTICE OF REMOVAL

K&L GATES LLP
ONE SW COLUMBIA STREET
SUITE 1900
PORTLAND, OR 97204
TELEPHONE: (503) 228-3200

Case 19-03091-dwh    Doc 1    Filed 08/28/19

Dated: August 28, 2019.

Respectfully submitted,

K&L GATES LLP

s/Brandy A. Sargent
Brandy A. Sargent, OSB #045713
Email: brandy.sargent@klgates.com
K&L GATES LLP
One SW Columbia Street, Suite 1900
Portland, OR 97258
Phone: (503) 228-3200
Fax: (503) 248-9085

Attorneys for HSBC Bank USA, N.A., as
Trustee for Wells Fargo Asset Securities
Corporation, Mortgage Pass-Through
Certificates, Series 2007-15

PAGE 5 – NOTICE OF REMOVAL

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing document to be served upon all counsel of record on August 28, 2019, via the Court's CM/ECF System.

DATED August 28, 2019.

_s/ Brandy A. Sargent_
Brandy A. Sargent, OSB #045713

K&L GATES LLP
ONE SW COLUMBIA STREET
SUITE 1900
PORTLAND, OR 97204
TELEPHONE: (503) 228-3200

# EXHIBIT A

$\mathcal{O2A}$

## In the Circuit Court of the State of Oregon
## For the County of Clackamas

|  |  |
|---|---|
| AMY MITCHELL, Chapter 7 Trustee for the Estate of Eliana Rodrigues,<br><br>           Plaintiff,<br><br>          v.<br><br>SAYAN PROMWONGSA, PEN PROMWONGSA, DUNG XUAN NGO, DIANNA NGOC DIEP NGO, <u>HSBC BANK USA, NA AS TRUSTEE FOR WELLS FARGO ASSET SECURITIES CORPORATION, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-15</u>, BANK OF ENGLAND and NORTHWEST TRUSTEE SERVICES.INC,<br><br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     Case No. 19CV29984<br><br>     **SUMMONS** |

LEGAL PAPER PROCESSING

AUG 1 2019 14:27

CERTIFIED MAIL
FAX
EMAIL
FED EX / UPS / DHL
INTEROFFICE MAIL
PERSONAL SERVICE
REGULAR MAIL

To: HSBC BANK USA, NA
PATRICK BURKE, PRESIDENT & CEO
452 Fifth Avenue,
New York City, NY 10018

You are hereby required to appear and defend the complaint filed against you in the above-entitled action within thirty (30) days from the date of service of this summons upon you, and in case of your failure to do so, for want thereof, plaintiff will apply to the court for the relief demanded in the complaint.

**NOTICE TO THE DEFENDANT: READ THESE PAPERS CAREFULLY**

You must "appear" in this case or the other side will win automatically. To "appear," you must file with the court a legal paper called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service upon the plaintiff.

If you have questions, you should see an attorney immediately. If you need help in finding an attorney, you may contact the Oregon State Bar's Lawyer Referral Service [at] online at www.oregonstatebar.org or by calling (503) 684-3763 (in the Portland metropolitan area) or toll-free elsewhere in Oregon at (800) 452-7636.

SIGNATURE OF ATTORNEY/AUTHOR FOR PLAINTIFF

Charles R. Markley, OSB #75240
SYLVAN LAW CENTER, P.C.
9900 SW Wilshire Street, Suite 280
Portland, OR 97225
Telephone: (503) 228-7967
Email: cmarkley@sylvanlawcenter.com

TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS: You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed, and to make your proof of service on the reverse hereof or upon a separate similar document which you shall attach hereto.

ATTORNEY FOR PLAINTIFF

Error! Unknown document property name.

EXHIBIT A
Page 1 of 9

Filed 7/10/19
cRm

1

2

3

4

5

6

7             IN THE CIRCUIT COURT FOR THE STATE OF OREGON

8                      FOR THE COUNTY OF MULTNOMAH

9

10  _____ )         **19CV29984**
                                      )
11  AMY MITCHELL, Chapter 7 Trustee for the )
    Estate of Eliana Rodrigues,        )
12                                     )
                                       )   Case No.
13             Plaintiff,              )
                                       )
14        v.                           )   COMPLAINT FOR QUIET TITLE,
                                       )   DAMAGES FOR TRESPASS AND
15  SAYAN PROMWONGSA, PEN              )   INVALID ENCUMBRANCE
    PROMWONGSA, DUNG XUAN NGO,         )
16  DIANNA NGOC DIEP NGO, HSBC BANK    )
    USA, NA AS TRUSTEE FOR WELLS       )   DEMAND FOR JURY TRIAL
17  FARGO ASSET SECURITIES             )
    CORPORATION, MORTGAGE             )
18  PASS-THROUGH CERTIFICATES,         )
    SERIES 2007-15, BANK OF ENGLAND and )
19                                     )
    NORTHWEST TRUSTEE SERVICES.INC,    )
20                                     )

21             Defendants.

22        Plaintiff, Amy Mitchell, as Chapter 7 Bankruptcy trustee as stated below ("Mitchell"),

23  alleges as follows:

24  ///

25  ///

26

Page 1 -     COMPLAINT FOR QUIET TITLE, TRESPASS AND OTHER
             RELIEF

SYLVAN LAW CENTER
9900 SW Wilshire St., Suite 280
Portland, OR 97225
cmarkley@sylvanlawcenter.com
Telephone: (503) 295-2668

## PARTIES

1.     On April 23, 2010, Elaina Rodrigues filed a voluntary petition for relief in the United States Bankruptcy Court for the District of Oregon under Chapter 7 of the Bankruptcy Code (the "Debtor").

2.     On April 23, 2010, the bankruptcy court appointed Amy Mitchell as Chapter 7 bankruptcy trustee for the Debtor.  On July 22, 2010, the bankruptcy case was closed but was reopened on July 1, 2019, and Mitchell has now been appointed as bankruptcy trustee, and is presently the duly-qualified trustee for that bankruptcy estate.

3.     Based upon the foregoing allegations, and pursuant to 11 USC § 541(a)(1), Mitchell is the legal owner of all property of the Debtor, including all causes of action, with all of the rights of the Debtor, including "all legal or equitable interests of the Debtor in property as of the commencement of the case," including those not otherwise listed in the Debtor' bankruptcy schedules filed under 11 USC § 521.

4.     Mitchell brings this action to assert the Debtor's rights under Oregon law of exclusive and unencumbered ownership, possession and control of the Property described below.

5.     Mitchell does not bring this action in order to assert any bankruptcy avoidance or other trustee rights arising under 11 USC §§ 544 – 548.

## BACKGROUND FACTS

6.     On or about April 1, 2005, the Debtor purchased the real property legally described as Lot 1, WEST COAST EVERGREEN HEIGHTS, Tigard, Washington County, Oregon (the "Property"), which may commonly be referred to as 14830 SW 139 Avenue, Tigard, Oregon, to be used as the Debtor's residence.

7.     On or about May 10, 2007, the Debtor executed and delivered to Sierra Pacific Mortgage Company, Inc. ("Sierra Pacific") a promissory note in the face amount of $595,000 (the "Note").

/ / /

Page 2 -    COMPLAINT FOR QUIET TITLE, TRESPASS AND OTHER RELIEF

SYLVAN LAW CENTER
9900 SW Wilshire St., Suite 280
Portland, OR  97225
emarkley@sylvanlawcenter.com
Telephone: (503) 295-2668

Case 19-03091-dwh    Doc 1    Filed 08/28/19

1     8.    On or about May 10, 2007, the Debtor executed and delivered a residential deed of

2 trust on the Property (the "Trust Deed") to secure the Note, which designated Sierra Pacific as the

3 "Lender," Lawyers Title Insurance Corporation as the "Trustee," and Mortgage Electronic

4 Registration Systems, Inc. ("MERS") as the "Beneficiary." The Trust Deed was recorded on May

5 16, 2007, as Instrument No. 2007-054358 in the Washington County, Oregon Official Records.

6     9.    On or about January 31, 2009, MERS, purporting to act as "beneficiary," executed

7 an appointment of successor trustee purporting to appoint Northwest Trustee Services, Inc. as

8 successor trustee of the Trust Deed. The purported appointment of successor trustee was recorded

9 February 2, 2009, as Instrument No. 2009-008510, in the Washington County Official Records by

10 Northwest Trustee Services, Inc.

11     10.    On information and belief, MERS was never the owner or holder of the Note, and

12 was not the party to which the Note was owed. Therefore, MERS was not and could not be the

13 "Beneficiary," and therefore could not appoint a successor beneficiary for the Trust Deed. *Niday*

14 *v. FNMA Mortgage*, 353 Or 648, 666 (2013) ("appointments of a successor trustee may only be

15 made by the trust deed beneficiary, and MERS is not, and never has been, the beneficiary of the

16 trust deed for purposes of the OTDA"). Therefore, MERS' purported appointment of Northwest

17 Trustee Services, Inc. as successor trustee was void because MERS was not and could not be the

18 "Beneficiary" of the Trust Deed, and thus had no right or authority to appoint a successor trustee.

19 *Niday, supra.* Therefore, Northwest Trustee Services, Inc. was never legally appointed successor

20 trustee by the true beneficiary of the Trust Deed as required by ORS 86.713(3) (*formerly* ORS

21 86.790(3)).

22     11.    On or about February 3, 2009, Northwest Trustee Services, Inc. purported to

23 commence a non-judicial foreclosure of the Trust Deed under the Oregon Trust Deed Act

24 ("OTDA") by recording a Notice of Default and Election to Sell as Instrument No. 2009-008512,

25 Washington County Official Records, which set a sale date of June 11, 2009.

26 / / /

Page 3 - COMPLAINT FOR QUIET TITLE, TRESPASS AND OTHER RELIEF

SYLVAN LAW CENTER
9900 SW Wilshire St., Suite 280
Portland, OR 97225
cmarkley@sylvanlawcenter.com
Telephone: (503) 295-2668

12.    On or about May 22, 2009, the pre-sale affidavits were recorded as Instrument No. 2009-045841, Washington County Official Records by Northwest Trustee Services, Inc. in purported compliance with *former* ORS 86.750.

13.    On July 22, 2009, Northwest Trustee Services, Inc. recorded a trustee's deed (the "Trustee's Deed") as Instrument No. 2009-067414, Washington County Official Records, stating that the trustee's sale of the Property was conducted on July 21, 2009, by Northwest Trustee Services, Inc. as "trustee" and HSBC Bank USA, NA as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass- Through Certificates, Series 2007-15 ("HSBC") , was the purchaser (the "grantee"). That instrument was invalid, because no effective trustee's sale ever occurred due to the defects alleged in this complaint.

14.    Because Northwest Trustee Services, Inc. was never legally appointed successor trustee by the true beneficiary of the Trust Deed as required by ORS 86.713(3), Northwest Trustee Services, Inc. was not and could not act with the authority of a duly appointed and legitimate trustee. Therefore, the NOD, pre-sale affidavits, the purported sale of the property, and the Trustee's Deed executed and recorded by Northwest Trustee Services, Inc. were all *void ab initio*. *Wolf v. FNMA Mortgage, LLC*, 276 Or App 541, 545 (2016) ("[w]e conclude that the participation of a 'trustee' is so fundamental to a 'trustee's sale' that a sale cannot foreclose and terminate an individual's property interest under former ORS 86.770(1) (2011) unless that sale is conducted by an actual trustee"). Likewise, the conveyances to subsequent grantee are also *void ab initio*.

15.    On or about December 21, 2009, HSBC purported to transfer the Property to Dung Xuan Ngo and Dianna Ngoc Diep Ngo (the "Ngos"), pursuant to a deed recorded January 15, 2010, as Instrument No. 2010-004440, Washington County Official Records, who occupied the Property through about May 7, 2018, to the exclusion of the Debtor and Mitchell.

16.    On May 7, 2018, the Ngos purported to transfer the Property to Sayan Promwongsa and Pen Promwongsa, pursuant to a deed recorded May 8, 2018, as Instrument No. 2018-031911, Washington County Official Records, and who continue to occupy the Property to the date of this

Page 4 -    COMPLAINT FOR QUIET TITLE, TRESPASS AND OTHER RELIEF

SYLVAN LAW CENTER
9000 SW Wilshire St., Suite 280
Portland, OR 97225
cmarkley@sylvanlawcenter.com
Telephone: (503) 295-2668

EXHIBIT A
Page 5 of 9

Case 19-03091-dwh    Doc 1    Filed 08/28/19

1 complaint to the exclusion of the Debtor and Mitchell. On or about May 8, 2018, the

2 Promwongsas caused to be recorded a Deed of Trust encumbering the Property and naming Bank

3 of England as beneficiary, which was recorded May 8, 2018, as Instrument No. 2018-031912,

4 which Deed of Trust continues purportedly to encumber the Property.

5        17.     The true beneficiary under the Trust Deed throughout the purported foreclosure of

6 the Trust Deed was either Northwest Mortgage or an entity other than MERS, none of which duly

7 appointed a successor trustee.

8        18.     Since Northwest Trustee Services, Inc. was not properly appointed successor

9 trustee by the true beneficiary of the Trust Deed, Northwest Trustee Services, Inc. lacked any

10 authority under the OTDA to act as successor trustee or to foreclose the Trust Deed.

11        19.     Northwest Trustee Services, Inc. violated the OTDA by recording a void

12 Appointment of Successor Trustee, Notice of Default and Election to Sell, and recording void

13 pre-sale affidavits, and finally, conducting a void foreclosure sale of the Property resulting in the

14 issuance and recording of a void Trustee's Deed.

15        20.     Because Northwest Trustee Services, Inc. was never legally appointed successor

16 trustee by the true beneficiary of the Trust Deed as required by ORS 86.713(3), Northwest Trustee

17 Services, Inc.'s purported non-judicial foreclosure of the Trust Deed, and the resulting Trustee's

18 Deed was *void ab initio* and lacked any legal effect on the title to the Property. *Spady v. Graves*,

19 307 Or 483, 489 (1989) ("[t]he rule is well-settled that a void document, although recorded, cannot

20 give record notice").

### FIRST CLAIM FOR RELIEF

(Quiet Title)

21        21.     Mitchell realleges paragraphs 1 through 20 above.

22        22.     At all relevant times, the Debtor has been entitled to exclusive possession of the

23 Property, subject to the rights of Mitchell since the filing of the bankruptcy case.

24

25   / / /

26

Page 5 -  COMPLAINT FOR QUIET TITLE, TRESPASS AND OTHER
RELIEF

SYLVAN LAW CENTER
9900 SW Wilshire St., Suite 280
Portland, OR 97225
gmarkley@sylvanlawcenter.com
Telephone: (503) 295-2668

EXHIBIT A
Page 6 of 9

23.     Mitchell is entitled to a judgment that she is the sole owner of the Property and that defendants have no right, title, claim or interest in the Property.

## SECOND CLAIM FOR RELIEF

(Trespass)

24.     Mitchell realleges paragraphs 1 – 23 above.

25.     On or about July 22, 2009, Northwest Trustee Services, Inc. provided HSBC and the subsequent grantees with the means to enter upon the Property. From that date onward, HSBC and the subsequent grantees intentionally entered upon the Property and remained there through the date of this complaint to the exclusion of the Debtor and Mitchell, and without the consent of the Debtor or Mitchell. Such entries have interfered with the exclusive right to possession of the Debtor and Mitchell.

26.     On or about May 7, 2018, the Ngos provided the Promwongsas with the means to enter upon the Property. From that date onward those grantees intentionally entered upon the Property and remained there through the date of this complaint to the exclusion of the Debtor and Mitchell, and without the consent of the Debtor or Mitchell. Such entries have interfered with the exclusive right to possession of the Debtor and Mitchell. The subsequent grantees may have intentionally performed other acts affecting the Property as will be identified through discovery.

27.     The Debtor and the Debtor's bankruptcy estate are damaged in the amount of not less than $2,360 per month from July 21, 2009, for the reasonable rental value of the Property from the date FNMA assumed exclusive possession of the Property, until such time as the Debtor's and Mitchell's right to exclusive possession is restored.. The exact amount of the Trustee's damages will be determined at trial.

28.     Northwest Trustee Services, Inc. wrongful actions in purporting to conduct the foreclosure and sale of the Property, and the issuance by Northwest Trustee Services, Inc. of the void Trustee's Deed was a substantial factor in HSBC's and the subsequent grantees' trespass on

/ / /

Page 6 -    COMPLAINT FOR QUIET TITLE, TRESPASS AND OTHER RELIEF

SYLVAN LAW CENTER
9000 SW Wilshire St., Suite 280
Portland, OR 97225
cmarkley@sylvanlawcenter.com
Telephone: (503) 295-2668

1   the Property. Northwest Trustee Services, Inc. is therefore subject to liability to Mitchell for the

2   entire harm caused by the trespass as a contributing tortfeasor.

3         29.     The Ngos issuance of a deed to the Promwongsas as described above was a

4   substantial factor in the trespass by the Promwongsas. The Ngos are therefore subject to liability

5   to Mitchell for the entire harm caused by the trespass of the Promwongsas as contributing

6   tortfeasors.

7                          **THIRD CLAIM FOR RELIEF**

8                 (Invalid Claim of Encumbrance ORS 205.470)

9         30.     Mitchell realleges paragraphs 1 through 29 above.

10         31.     The Appointment of Successor Trustee, the Notice of Default and Election to Sell,

11   the pre-sale affidavits the Trustee's Deed, the deed to the Ngos, the deed to the Promwongsas and

12   the deed of trust to Bank of England each constitute invalid claims of encumbrance, the recording

13   of which subjects the party recording the document to liability for not less than $5,000 for each

14   recorded instrument, and for Mitchell's actual damages caused by the filing of each of the invalid

15   claims of encumbrance, including damages for trespass and the value of the Property, whichever is

16   greater in an amount to be proven at trial, together with Mitchell's costs and reasonable attorney

17   fees pursuant to ORS 205.470.

18         32.     Mitchell has incurred and will continue to incur attorney fees in connection with

19   this litigation.

20         WHEREFORE, Mitchell requests judgment as follows:

21         1.     Declaring that the non-judicial foreclosure of the Trust Deed under the OTDA is

22   void *ab initio*, that the Trustee's Deed from Northwest Trustee Services, Inc. to HSBC, the deed

23   from HSBC to the Ngos, the deed from Ngos to the Promwongsas and the deed of trust from the

24   Promwongsas to Bank of England have no force or legal effect on the fee simple title to the

25   Property which remains with Mitchell;

26   / / /

Page 7 -   COMPLAINT FOR QUIET TITLE, TRESPASS AND OTHER
          RELIEF

SYLVAN LAW CENTER
9900 SW Wilshire St., Suite 280
Portland, OR 97225
emarkley@sylvanlawcenter.com
Telephone: (503) 295-2668

EXHIBIT A
Page 8 of 9

2.    Declaring that Mitchell is the sole owner of the Property in fee simple, and that
defendants have no right, title, claim or interest in the Property;

3.    Awarding damages to Mitchell for trespass in the amount of not less than $2,360
per month:

(a)    Against Northwest Trustee Services, Inc. from July 14, 2009, until
judgment is entered and Mitchell is in possession of the Property, the exact amount to be
determined at trial;

(b)    Against Dung Xuan Ngo and Dianna Ngoc Diep Ngo from December 21,
2009, until judgment is entered and Mitchell is in possession of the Property, the exact
amount to be determined at trial; and

(c)    Against the Promwongsas from May 7, 2018, until judgment is entered and
Mitchell is in possession of the Property, the exact amount to be determined at trial.

4.    Awarding Mitchell a minimum of $5,000 for each invalid encumbrance recorded
by Northwest Trustee Services, Inc. or subsequent grantees, together with such further sums for
damages as will be proven at trial;

5.    Pursuant to ORS 205.470, awarding Mitchell her costs, disbursements and
reasonable attorney fees against Northwest Trustee Services, Inc. incurred in this case.

6.    Plaintiff demands a jury trial.

7.    For such other relief as the court deems just and proper.

DATED: July 10, 2019.

SYLVAN LAW CENTER, P.C.

By _____
Charles R. Markley, OSB #75240
cmarkley@sylvanlawcenter.com
Telephone: (503) 295-2668
*Attorneys for Plaintiff Amy Mitchell*

Page 8 -    COMPLAINT FOR QUIET TITLE, TRESPASS AND OTHER
RELIEF

SYLVAN LAW CENTER
9900 SW Wilshire St., Suite 280
Portland, OR 97225
cmarkley@sylvanlawcenter.com
Telephone: (503) 295-2668

EXHIBIT A
Page 9 of 9

Case 19-03091-dwh    Doc 1    Filed 08/28/19

# EXHIBIT B

Skip to Main Content  Logout  My Account  Search Menu  Search Civil, Family, Probate and Tax Court Case Records  Refine Search  Back

Location : Multnomah    Images  Help

# REGISTER OF ACTIONS
## CASE NO. 19CV29984

| | | |
|---|---|---|
| Estate of Eliana Rodrigues vs Sayan Promwongsa, Pen Promwongsa, Dung Xuan Ngo, Dianna Ngoc Diep Ngo, HSBC Bank USA NA etal. | § § § § § | Case Type: **Property - General**<br>Date Filed: **07/10/2019**<br>Location: **Multnomah** |

---

### PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| Defendant | **Bank of England** | |
| Defendant | **Diep Ngo, Dianna Ngoc** | |
| Defendant | **HSBC Bank USA NA** *Trustee* Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates Series 2007-15 | |
| Defendant | **Ngo, Dung Xuan** | |
| Defendant | **Northwest Trustee Services Inc** | |
| Defendant | **Promwongsa, Pen** | |
| Defendant | **Promwongsa, Sayan** | |
| Plaintiff | **Estate of Eliana Rodrigues** *Trustee* Mitchell, Amy | Charles R Markley<br>*Retained*<br>503 228-7967(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | | |
|---|---|---|---|
| 07/10/2019 | Complaint | | |
| | *Quiet Title* | | |
| | Created: 07/10/2019 1:09 PM | | |
| 07/10/2019 | Service | | |
| | Promwongsa, Sayan | Served | 07/26/2019 |
| | | Returned | 08/20/2019 |
| | Promwongsa, Pen | Served | 07/26/2019 |
| | | Returned | 08/20/2019 |
| | Ngo, Dung Xuan | Served | 07/26/2019 |
| | | Returned | 08/20/2019 |
| | Diep Ngo, Dianna Ngoc | Served | 07/26/2019 |
| | | Returned | 08/20/2019 |
| | HSBC Bank USA NA | Served | 07/26/2019 |
| | | Returned | 08/20/2019 |
| | Bank of England | Served | 07/26/2019 |
| | | Returned | 08/20/2019 |
| | Northwest Trustee Services Inc | Served | 07/26/2019 |
| | | Returned | 08/20/2019 |
| | Created: 07/10/2019 1:09 PM | | |
| 07/10/2019 | Application - Fee Deferral Waiver | | |
| | *confidential* | | |
| | Created: 07/10/2019 3:55 PM | | |
| 07/10/2019 | Order - Fee Deferral (Judicial Officer: Authority, Administrative ) | | |
| | *Filing - Trial Fees* | | |
| | Signed: 07/10/2019 | | |
| | Created: 07/29/2019 10:26 AM | | |
| 08/20/2019 | Affidavit/Declaration - Mailing | | |
| | Created: 08/20/2019 1:43 PM | | |
| 08/20/2019 | Affidavit/Declaration - Mailing | | |
| | Created: 08/20/2019 1:43 PM | | |
| 08/20/2019 | Affidavit/Declaration - Mailing | | |
| | Created: 08/20/2019 1:43 PM | | |
| 08/20/2019 | Affidavit/Declaration - Mailing | | |
| | Created: 08/20/2019 1:43 PM | | |
| 08/20/2019 | Affidavit/Declaration - Mailing | | |
| | Created: 08/20/2019 1:43 PM | | |

EXHIBIT B
Page 1 of 6

Case 19-03091-dwh    Doc 4    Filed 08/28/19

| 08/20/2019 | Affidavit/Declaration - Mailing |
|---|---|
| | Created: 08/20/2019 1:43 PM |
| 08/20/2019 | Affidavit/Declaration - Mailing |
| | Created: 08/20/2019 1:43 PM |
| 08/20/2019 | Affidavit/Declaration - Mailing |
| | Created: 08/20/2019 1:43 PM |

**FINANCIAL INFORMATION**

| | | |
|---|---|---|
| **Plaintiff** Estate of Eliana Rodrigues | | |
| Total Financial Assessment | | 265.00 |
| Total Payments and Credits | | 0.00 |
| **Balance Due as of 08/28/2019** | | **265.00** |
| 07/10/2019 | Transaction Assessment | 265.00 |

IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF MULNOMAH

**19CV29984**

_Amy Mitchell_
_____
Plaintiff/Petitioner

Case No. _____

v.

_Sayan Promwongsa_
_et. al_
_____
Defendant/Respondent

**ORDER RE: DEFERRAL OR
WAIVER OF FEES**

The court reviewed the _Application for Deferral or Waiver of Fees and Declaration in Support_
for _(Applicant Name):_ _Amy M. Feney_
regarding the following fees:

[x] Filing Fees      [ ] Sheriff's service fee      [ ] Motion Fee
[ ] Arbitration Fee      [x] Trial Fee
[ ] Other: _(describe)_

**The court finds Applicant:**
     [x] **DOES** qualify for a deferral or waiver of fees
     [ ] **DOES NOT** qualify for a deferral or waiver of fees

Additional findings: _____
_____

**The court orders:**
[x] Determination of fee obligation is postponed at this time. No payment is due from the
applicant until further order of the court.

[ ] Fees are deferred for full payment. Payment must be made according to the terms of the
attached payment plan (or) $_____ per month until paid in full

     _A judgment will be entered against Applicant. Collection costs may be added without_
     _further notice if fees are not paid as ordered._

[ ] Fees are waived. The court may change or revoke this waiver at a later time.

[ ] Application is denied

[ ] Application is granted in part: _____

_____

_Judge Signature:_
_7/10/2019_

03-34 C (6/18) Fee Deferral or Waiver Order
Page 1 of 2

Verified Correct Copy of Original 7/10/2019

**Certificate of Readiness**

This proposed order is ready for judicial signature because service is not required under UTCR 5.100 because this order is submitted **ex parte** as allowed by statute or rule

Submitted by: ☐ plaintiff/petitioner ☐ defendant/respondent ☐ other: _____

_____         _____
Signature                                                        Print Name

**Certificate of Document Preparation**.  Check all that apply:
☐ I chose this form for myself and completed it without paid help
☐ A legal help organization helped me choose or complete this form, but I did not pay money to anyone
☐ I paid (or will pay)_____for help choosing, completing, or reviewing this form
☐ Guide & File selected and completed this form and I did not pay anyone to review the completed form

I understand that I am subject to penalty for perjury for giving false information to the court. All factual information in this Order is true to the best of my knowledge and belief. I agree to the terms of this Order. I understand that this Order is enforceable by the court.

_____         _____
Date                                                             Signature

                                                                 _____
                                                                 Name (printed)

_____     _____     _____
Contact Address                                City, State, ZIP                         Contact Phone

03-34 C  (6/18) Fee Deferral or Waiver Order
Page 2 of 2

IN THE CIRCUIT COURT FOR THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| AMY MITCHELL, Chapter 7 Trustee for the Estate of Eliana Rodrigues, | ) <br> ) Case No. 19CV29984 <br> ) |
| Plaintiff, | ) <br> ) DECLARATION OF SERVICE |
| v. | ) <br> ) |
| SAYAN PROMWONGSA, PEN PROMWONGSA, DUNG XUAN NGO, DIANNA NGOC DIEP NGO, HSBC BANK USA, NA AS TRUSTEE FOR WELLS FARGO ASSET SECURITIES CORPORATION, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-15, BANK OF ENGLAND and NORTHWEST TRUSTEE SERVICES.INC, | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

I, COURTNEY D. STEWART, being first duly sworn depose and say that I am an

assistant in the office of Sylvan Law Center, P.C., and if called to testify in a court of law could

and would testify from my own personal knowledge as follows:

On July 26, 2019, I mailed by certified mail, return receipt requested, and by first class mail,

copies of the summons and complaint filed in this case to the following:

SAYAN PROMWONGSA
14830 SW 139th Ave
Tigard, OR 97224

PEN PROMWONGSA
14830 SW 139th Ave
Tigard, OR 97224

PAGE 1   DECLARATION OF SERVICE

EXHIBIT B
Page 5 of 6

DUNG XUAN NGO
1205 NW 185th Ave
Aloha, OR 97006

DIANNA NGOC DIEP NGO
1205 NW 185th Ave
Aloha, OR 97006

NORTHWEST TRUSTEE SERVICE INC.
6 Centerpointe Drive Ste 360
Lake Oswego, OR 97035

HSBC BANK USA, NA
PATRICK BURKE, PRESIDENT & CEO
452 Fifth Ave
New York City, NY 10018

HSBC BANK USA, NA
1800 Tysons Blvd
Tysons, VA 22102

BANK OF ENGLAND
123 South Main St
England, AR 72046


I HEREBY DECLARE THAT THE ABOVE STATEMENT IS TRUE TO THE BEST OF MY
KNOWLEDGE AND BELIEF, AND THAT I UNDERSTAND IT IS MADE FOR USE AS
EVIDENCE IN COURT AND IS SUBJECT TO PENALTY FOR PERJURY.

Courtney D. Stewart                              August 16, 2019


PAGE 2   DECLARATION OF SERVICE